Pfeifer, J.,
dissenting.
{¶ 16} R.C. 1751.60(A) provides, “[E]very provider or health care facility that contracts with a health insuring corporation to provide health care services to the health insuring corporation’s enrollees or subscribers shall seek compensation for *600 covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles.”
Murray & Murray Co., L.P.A., John T. Murray, Leslie O. Murray, and Michael J. Stewart; and Mickel & Huffman and John L. Huffman, for appellees.
Jones Day, Patrick F. McCartan, Marc L. Swartzbaugh, Douglas R. Cole, and Alexis J. Zouhary; and Marshall & Melhorn, L.L.C., Marshall A. Bennett Jr., and Jennifer J. Dawson, for appellants.
Anspach Meeks Ellenberger, L.L.P., Garrick O. White, and Richard F. Ellenberger; and Barry F. Hudgin, urging reversal for amici curiae Mercy Health Partners and Catholic Healthcare Partners.
Bricker & Eckler, L.L.P., Anne Marie Sferra, and Bridget Purdue Riddell, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, Ohio Osteopathic Association, and Ohio Association of Health Plans.
Arthur, O’Neil, Mertz, Michel & Brown Co., L.P.A., Daniel R. Michel, and Jennifer N. Brown, urging affirmance for amicus curiae Ohio Association for Justice.
{¶ 17} “Solely” in R.C. 1751.60(A) means solely. It does not mean “unless you can get paid closer to your top rate through an injured patient’s automobile-insurance policy.” Applying the usual meaning to the word “solely” does not, as the majority states, render the phrase “and not, under any circumstances, from the enrollees or subscribers” superfluous. This is because of still another phrase, “except for approved copayments and deductibles.” Read as a whole, R.C. 1751.60(A) requires providers that have contracted with a health-insurance corporation to seek payment from only the health-insurance corporation, except for copayments and deductibles, which may be billed to enrollees or subscribers.
{¶ 18} When a patient’s other insurance is not dissipated through direct billing by health-care providers, the patient can use that other insurance to pay copayments, deductibles, or for treatment options excluded from the health-insurance corporation’s coverage. An automobile-insurance policy that includes medical coverage is an asset of the patient — when a provider seeks compensation from that policy, it seeks compensation from the patient in violation of R.C. 1751.60(A).